UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In re PERFORMANCE TRANSPORTATION
SERVICES INC., *et al.,*
                      Debtors.                      DECISION AND ORDER
                                                                                         08-CV-401A

_____

## **INTRODUCTION**

Debtors, Performance Transportation Services, Inc., *et al.*, filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code, which is currently pending in bankruptcy court. After Debtors filed a motion in bankruptcy court seeking interim relief from a collective bargaining agreement under 11 U.S.C. § 1113(e), the Teamster National Automobile Transportation Industry Negotiating Committee ("Teamsters Committee"), and its affiliated Local Unions and their members, who are parties to that agreement, brought a motion in this Court seeking mandatory withdrawal of the bankruptcy reference under 28 U.S.C. § 157(d). For the reasons stated, the Court finds that mandatory withdrawal is unwarranted because resolution of the § 1113(e) application will not require consideration of non-bankruptcy statutes.

## **BACKGROUND**

The Debtors and the International Brotherhood of Teamsters and their members are parties to a collective bargaining agreement, known as the National Master Automobile Transporters Agreement (NMATA). The Debtors are also members of a multi-employer bargaining association known as the National Automobile

Transporters Labor Division.  On February 22, 2008, the National Automobile Transporters Labor Division gave notice of its intent to terminate or modify the NMATA, which was scheduled to expire on May 31, 2008.[1]

On May 29, 2008, while in the midst of negotiating the successor agreement to the NMATA, Debtors filed a motion for interim relief from the NMATA under 11 U.S.C. § 1113(e).  That motion, which was filed in bankruptcy court, seeks certain interim changes to the terms of the NMATA, including a temporary 15% wage reduction for all work performed under the NMATA after June 4, 2008.

On May 30, 2008, the Teamster Committee moved for mandatory withdrawal of the bankruptcy reference under 28 U.S.C. § 157(d) as to all matters relating to modification or rejection of the NMATA.  Debtors filed a response in opposition alleging that mandatory withdrawal under § 157(d) is unwarranted, and the Teamsters Committee filed a reply in support of its motion.  The Court deemed the matter submitted without oral argument.

---

[1] The parties dispute whether the agreement expired or whether, under the terms of the agreement, it continues to be in effect for another six months.  Resolution of the instant motion does not require a determination of that issue.

**DISCUSSION**

The Teamsters Committee argues that withdrawal of the bankruptcy reference is mandatory under the second sentence of 28 U.S.C. § 157(d).[2] That section provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). "Because [the second] sentence of Section 157(d), if read literally, would eviscerate much of the work of the bankruptcy courts, the 'courts are admonished by the legislative history to construe this sentence narrowly.'" *In re Adelphi Institute, Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990)(quoting 1 *Collier on Bankruptcy* ¶ 3.01 at 3-59 (15th ed. 1987)). Mandatory withdrawal is warranted only when resolution of the matter would require the bankruptcy judge to "engage in significant interpretation, as opposed to simple application," of federal non-bankruptcy statutes. *City of New York v. Exxon Corporation*, 932 F.2d 1020, 1026 (2d Cir. 1991); *see also In re Adelphi Institute, Inc.*, 112 B.R. at 536 (mandatory withdrawal not warranted where resolution of the matter would not entail "substantial and material consideration" of federal non-bankruptcy statute); *In re Chateaugay Corp.*, 108 B.R. 27, 28 (S.D.N.Y.1989) (same). Courts have imposed the "substantial and material consideration" standard so

---

[2] The Teamsters Committee does not seek permissive withdrawal under the first sentence of § 157(d). They rely exclusively on the mandatory withdrawal provision of § 157(d).

as to ensure that § 157(d) does not become an "escape hatch" for matters that are properly before the bankruptcy court.  As then-District Judge Leval explained:

> It would seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straightforward application of a federal statute to a particular set of facts. It is issues requiring significant *interpretation* of federal laws that Congress would have intended to have decided by a district judge rather than a bankruptcy judge.

*In re Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986) (emphasis in original). Accordingly, where resolution of the issue before the bankruptcy court involves simply the straightforward *application* of non-bankruptcy federal statutes, mandatory withdrawal is improper.  Mandatory withdrawal under § 157(d) is proper *only* if resolution of the disputed issue would require the bankruptcy judge to engage in substantial and material *interpretation* of the non-bankruptcy statutes.  The party seeking to invoke the mandatory withdrawal provision bears the burden of persuading this Court that it applies.  *See Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).

The Teamsters Committee argues that mandatory withdrawal is appropriate because resolution of the Debtors' motion for interim relief under § 1113(e) would require the bankruptcy court to determine issues exclusively within the jurisdiction of the National Labor Relations Board, specifically, whether the Debtors may permissibly withdraw from the multi-employer bargaining unit.  Debtors counter that they are not seeking to withdraw from the multi-employer bargaining unit.  Instead, they are simply requesting interim relief from certain provisions of the NMATA.

To the extent that Debtors are merely seeking interim relief from various provisions of the NMATA, resolution of that issue will not require the bankruptcy court to engage in significant interpretation of federal labor statutes.  In enacting § 1113(e), Congress was cognizant of the tension between bankruptcy law and labor policies.  Indeed, § 1113(e) was enacted in response to the Supreme Court's decision in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)(holding that a collective bargaining agreement was subject to unilateral rejection by a debtor-in-possession under 11 U.S.C. § 365), which "placed federal bankruptcy policy and national labor policy in direct conflict." *See In re Chas. P. Young Co.*, 111 B.R. 410, 413 (Bankr. S.D.N.Y. 1990).  As one court explained:

> Pursuant to *Bildisco*, the debtor could ignore national labor policy and make unilateral changes to or reject entirely a collective bargaining agreement. Under § 1113 a debtor in possession or trustee is required to, *inter alia*, pursue some sort of good faith negotiations with the union prior to filing with the court for rejection of the collective bargaining agreement.

*Id.* at 414.  In enacting the interim relief provision of § 1113(e), Congress - aware of this tension - clearly intended to provide bankruptcy courts with the "flexibility to carry out the purpose of Chapter 11 and do whatever is necessary to prevent irreparable damage and assist the continuation of the debtor's business. . ." *See In re United Press Int'l, Inc.*, 134 B.R. 507, 513 (Bankr. S.D.N.Y. 1991).  Hence, "[t]he purpose of subsection (e) is to allow a Court sufficient flexibility to provide the debtor in possession temporary economic relief in order to carry out the objective of Chapter 11; that is, to preserve the business, if possible, for the benefit of all." *Id.*  The fact that § 1113(e) is contained in the Bankruptcy Code evidences Congress's belief that it is the bankruptcy court who is

best suited to assess the need for such interim relief.  Indeed, it only makes sense that the bankruptcy judge, who is more familiar with the financial pressures on the debtor, would be in the best position to assess whether the interim relief sought under § 1113(e) is required.  *Id.* at 515 (observing that bankruptcy courts are in the best position to "evaluate dire economic illness and mold appropriate remedies").

This conclusion is further bolstered by the complete dearth of authority supporting movants' claims that resolution of the § 1113(e) motion would require interpretation of federal labor statutes.  *See* Brief in Support of Teamster's Committee's Motion, Bkcy. Dkt. 708, at 9 (acknowledging that "[t]here are no reported cases withdrawing the reference in a matter under § 1113 and the NLRA . . . .").  The Teamsters Committee argues that "[a] proceeding to modify or reject a collective bargaining agreement is clearly a proceeding that requires consideration of both Title 11 and federal labor law." *Id.* at 7.  However, that argument could be made with respect to every motion brought under § 1113, as that provision specifically deals with rejection of, and interim relief from, collective bargaining agreements.  Movants' argument, taken to its logical conclusion, would require that *every motion* brought under § 1113 be subject to the mandatory withdrawal provision of § 157(d).  Clearly that is not what Congress intended.

Moreover, even assuming that resolution of Debtors' § 1113(e) motion were to require the straightforward application of the existing federal labor laws, such a showing is insufficient to warrant mandatory withdrawal under § 157(d).  To invoke the mandatory withdrawal provisions, the Teamsters Committee is required to show that

resolution of Debtors' § 1113(e) motion will require the *substantial and material interpretation* (as opposed to straightforward application) of federal labor statutes.  This they have not done.  They argue, without support, that the "good faith" requirement of § 1113 involves consideration of whether "good faith" under the NLRA has been met.  However, as one court astutely noted, the legislative history of § 1113 *expressly refutes* that claim.  *See In re Chas. P. Young Co.*, 111 B.R. at 414 and n.4 (citing legislative history of § 1113 which indicates that the provision was *not* intended to incorporate the good faith bargaining requirement of the NLRA).  In any event, the Teamsters Committee's position is without merit as bankruptcy courts routinely address whether the good faith requirement of § 1113 has been met without reference to the NLRA.

## **CONCLUSION**

In sum, the Court finds that the Teamsters Committee has failed to demonstrate that resolution of the Debtors' § 1113(e) motion will require consideration of non-bankruptcy statutes within the meaning of § 157(d).  Therefore, mandatory withdrawal is unwarranted and the motion is denied.

SO ORDERED.

                                                              s/ *Richard J. Arcar*a
                                                              HONORABLE RICHARD J. ARCARA
                                                              CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT

DATED:  June 3, 2008